**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| HOUSTON SPECIALTY INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | Honorable |
| | ) | |
| UNITED SERVICE COMPANIES HOLDINGS, LLC, and RICKEY A. MACINTYRE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Houston Specialty Insurance Company ("HSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against United Service Companies Holdings, LLC ("United"), and Rickey A. Macintyre ("Macintyre" or "Claimant"), states as follows:

**NATURE OF THE ACTION**

1.      In this action, HSIC seeks a determination of its rights and obligations under an insurance Policy issued to Defendant United in connection with an Underlying Action (as defined herein) filed by Claimant, which asserts certain claims against United.

2.      The Underlying Action (defined herein) is pending in the Circuit Court of Cook County, Illinois.

3.      HSIC issued a Commercial General Liability Policy (the "Policy" as defined herein) to United, as described more fully below.

4.      The scope of coverage available to United in connection with the claims asserted against them in the Underlying Action is governed by the terms, conditions, and exclusions of the Policy.

## JURISDICTION AND VENUE

5.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

6.      Plaintiff HSIC is a Texas corporation organized under the laws of Texas with its principal place of business in Houston, Texas. At all relevant times, HSIC conducted business in the State of Illinois.

7.      Defendant United is an Illinois Corporation organized under the laws of Illinois with its principal place of business in Chicago, Illinois.

8.      Defendant Macintyre is a resident of Altoona, Pennsylvania and a citizen of the State of Pennsylvania. Plaintiff HSIC does not assert any claim against Defendant Macintyre in the Complaint and he has been named as a defendant in this action solely as a necessary and indispensable party.

9.      Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff HSIC, on the one hand, and Defendants United, and Macintyre, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying United with regard to the Underlying Action exceeds $75,000.

10.     Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Action occurred in this District, and the Policy was issued and delivered in this District.

11.     An actual justiciable controversy exists between HSIC, on the one hand, and United and Macintyre, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

**THE UNDERLYING ACTION**

12.     On July 10, 2025, Rickey A. Macintyre filed a Complaint against United in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned Rickey A. Macintyre v. A.R. Wilfley & Sons, Inc. et al., Case No. 25-011800 ("Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

13.     The Complaint alleges that Rickey A. Macintyre ("Plaintiff") was exposed to asbestos dust while working for multiple companies in Altoona, Pennsylvania and Youngstown, Ohio in the 1970's and 1980's. The Complaint further alleges that Plaintiff was further exposed to asbestos dust from the person and work clothing of his father and grandfather, who were exposed to asbestos dust from their jobs. Ex. A, 40-41.

14.     The Complaint alleges that Plaintiff has now contracted mesothelioma as a result of his exposure to asbestos. Ex. A, 41.

15.     The Complaint in the Underlying Action names 188 Defendants and alleges that Plaintiff previously worked for United. Ex. A, 40.

16.     The Complaint further alleges that the Defendant corporations were engaged in activities involving asbestos and other ingredients in their materials, and that Plaintiff contracted diseases as a direct and proximate result of the inhalation of the fibers and dust contained in the products of Defendants. Ex. A, 41.

17.     The Complaint further alleges that Defendants, including United, were negligent in that they manufactured and/or used products containing asbestos and other dangerous ingredients, and know or in the exercise of reasonable care, should have known that these products were inherently, excessively, and ultra-hazardously dangerous to Plaintiff. Ex. A, 41-42.

18.     The Complaint seeks compensation for great pain, suffering and inconvenience, compensation for Plaintiff's limitation and preclusion from performing normal activities,

compensation for great emotional distress, compensation for loss of general health, strength and vitality, compensation for medical care and expenses, and punitive and exemplary damages. Ex. A, 56.

## POLICY

19.     HSIC issued Commercial General Liability policy number ESB-HS-GL-0000670-03, effective from August 1, 2024 to August 1, 2025 (the "Policy"), to named insured United Service Companies Holding, Inc. A copy of the Policy is attached hereto as **Exhibit B**.

20.     Coverage A of the Policy contains the following relevant provisions:

**COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.       Insuring Agreement**

**a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result.  But:

**(1)**      The amount we will pay for "damages" is limited as described in Section **III** – Limits Of Insurance And Deductible; and

**(2)**      Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

\* \* \*

**b.**      This insurance applies to "bodily injury" and "property damage" only if:

**(1)**      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

**(2)**      The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \*

Ex. B, 84.

21.     Coverage B of the Policy provides, in pertinent part, as follows:

**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.      Insuring Agreement**

    **a.**     We will pay on behalf of the insured, in excess of the deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those "damages."  However, we will have no duty to defend the insured against any "suit" seeking "damages" for "personal and advertising injury" to which this insurance does not apply. . . .

Ex. B, 32.

22.     Section V – Definitions of the Policy contains the following relevant definitions:

* * *

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**5.**     "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

* * *

**13**.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.**     False arrest, detention or imprisonment;

    **b.**     Malicious prosecution;

    **c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services;

  **e.**  Oral or written publication, in any manner, of material that violate a person's right of privacy;

  **f.**  The use of another's advertising idea in your "advertisement"; or

  **g.**  Infringing upon another's copyright, trade duress or slogan in your "advertisement".

* * *

17. "Property damage" means:

  **a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

  **c.**  "Natural resource damages"

  For the purposes of this insurance, electronic data is not tangible property…

* * *

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

  **a.**  An arbitration proceeding in which such damages are claimed and to which the insured must submit with our consent; or

  **b.**  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you

* * *

Ex. B, 39-42.

23.     The Policy contains an Asbestos Exclusion endorsement which provides, in pertinent part, as follows:

**Asbestos Exclusion**

The following Exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability:

A.  This insurance does not apply to

1.  "Bodily injury", "property damage", "personal and advertising injury" or "Reduction in value" arising out of, resulting from, caused by, or in any way connected to whether in whole or in part, the actual, alleged, or threatened presence of, or exposure to "asbestos" in any form, or to harmful substances emanating from "asbestos". This includes ingestion of, inhalation of, absorption of, contact with, existence of, presence of, or exposure to, "asbestos". Such injury from or exposure to "asbestos" also includes, but is not limited to:

    a.  The existence, installation, storage, handling or transportation of "asbestos";
    b.  The removal, abatement or containment of "asbestos" from any structures, materials, goods, products or manufacturing process;
    c.  The disposal of "asbestos";
    d.  Any structures, manufacturing processes, or products containing "asbestos";
    e.  Any obligation to share damages with or repay someone else who must pay damages because of such injury or damage; or
    f.  Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above.

    Such injury or damage is excluded regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

2.  Any loss, cost or expense arising out of any:

    a.  Request, demand, order, settlement, or statutory or regulatory requirement that any insured or any other person or entity test for, monitor, clean up, remove, contain, mitigate, treat, neutralize, detoxify, remediate, or dispose of, or in any way respond to, or assess the actual or alleged effects of "asbestos"; or

    b.  Claim or "suit" by or on behalf of any governmental authority for damages because of the testing for, monitoring, cleaning up, removing, containing, mitigating, treating, neutralizing, detoxifying, remediating, or disposing of, or in any way responding to or assessing the actual or alleged effects of, "asbestos";

Page **7**

B. <u>For the purposes of this endorsement, the following Definitions apply:</u>

1. "Asbestos" means any type or form of asbestos, asbestos fibers, asbestos products, or asbestos materials, including any products, goods, or materials containing asbestos or asbestos fibers, products or materials and any gases, vapors, scents or by-products produced or released by asbestos.

Ex. B, 99-100.

24.     The Policy contains an Absolute Employee and Worker Exclusion endorsement which provides, in pertinent part, that Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Paragraph 2. Exclusions, subparagraph e. Employer's Liability was replaced by the following:

**e. Absolute Employee and Worker**

"Bodily injury" to:

**(1)** An "employee" of any insured arising out of and in the course of:

    **(a)**      Employment by any insured;

    **(b)**      Performing duties related to the conduct of any insured's business;

**(2)**  any "temporary worker", volunteer worker" contractor, subcontractor, sub-subcontractor or any other worker for which any insured may become liable for in any capacity; or

\* \* \*

Ex. B, 84.

**COUNT I**
**<u>No Duty to Defend or Indemnify United Under Coverage A of the Policy</u>**

25.     HSIC incorporates by reference herein paragraphs 1 through 24, as if the same were fully set forth at length.

26.     HSIC issued Policy ESB-HS-GL-0000670-03 to United, which was effective from August 1, 2024 to August 1, 2025.

27. The Insuring Agreement for Coverage A of the Policy provides, in pertinent part, that coverage is afforded for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. Ex. B, 27.

28. The Complaint includes allegations that appear to meet the requirements of the Insuring Agreement for Coverage A.

29. However, even if the allegations in the Complaint could be reasonably interpreted as satisfying the requirements of coverage under the Insuring Agreement of Coverage A, certain exclusions and endorsements contained in Coverage A of the Policy would operate to preclude coverage in this matter.

30. The Asbestos Exclusion endorsement contained in the Policy states that the insurance provided under Coverage A of the Policy does not apply to " 'bodily injury', 'property damage', 'personal and advertising injury' or 'reduction in value' arising out of, resulting from, caused by, or in any way connected to whether in whole or in part, the actual, alleged, or threatened presence of, or exposure to 'asbestos' in any form, or to harmful substances emanating from 'asbestos'.. . ." Ex. B, 99.

31. The Policy defines "asbestos" as "any type or form of asbestos, asbestos fibers, asbestos products, or asbestos materials, including any products, goods, or materials containing asbestos or asbestos fibers, products or materials and any gases, vapors, scents or by-products produced or released by asbestos. Ex. B, 100.

32. The Complaint alleges that Plaintiff sustained bodily injury as a result of the exposure to asbestos which he was allegedly exposed to at his place of employment, as well as through contact with his father and grandfather, who were also allegedly exposed to asbestos at their place of employment. Ex. A, 40.

33.     Accordingly, the claims asserted against United in the Complaint are precluded from coverage by operation of the Asbestos Exclusion Endorsement and, therefore, Coverage A of Policy ESB-HS-GL-0000670-03 does not afford coverage to United for the claims asserted against it in the Underlying Action.

34.     The Absolute Worker and Employee Exclusion endorsement contained in the Policy states that the insurance provided by the Policy does not apply to " 'bodily injury' to… (1) [a]n 'employee' of any insured arising out of and in the course of . . . [e]mployment by any insured; . . . [p]erforming duties related to the conduct of any insured's business; (2)  any 'temporary worker', 'volunteer worker' contractor, subcontractor, sub-subcontractor or any other worker for which any insured may become liable for in any capacity.. ." Ex. B, 84.

35.     The Complaint alleges that Plaintiff Rickey A. Macintyre sustained bodily injury, in the form of mesothelioma, as a result of his alleged exposure to asbestos at, *inter alia*, his place of employment and other industrial sites, as well as from exposure to asbestos dust from the work clothing and persons of his grandfather, father, wife and daughter who were allegedly exposed to asbestos in their employment. Ex. A, 40-41.

36.     Accordingly, the claims asserted against United in the Complaint are also precluded from coverage by operation of the Absolute Employee and Worker Exclusion Endorsement and, therefore, Coverage A of Policy ESB-HS-GL-0000670-03 does not afford coverage to United for the claims asserted against it in the Underlying Action.

WHEREFORE, HSIC seeks a judgment that it owes no duty under Coverage A of the Policy to defend or indemnify United in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

## COUNT II
### No Duty to Defend or Indemnify Under Coverage B of the Policy

37.     The Insuring Agreement for Coverage B – Personal and Advertising Injury Liability of the Policy provides, in pertinent part, that coverage is afforded for those sums that

the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. Ex. B, 13.

38. The Policy defines "personal and advertising injury" to mean "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: (a) [f]alse arrest, detention or imprisonment; (b.) [m]alicious prosecution; (c.) [t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; (d.) [o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services;  (e.) [o]ral or written publication, in any manner, of material that violate a person's right of privacy; (f.) [t]he use of another's advertising idea in your "advertisement"; or (g.) [i]nfringing upon another's copyright, trade duress or slogan in your "advertisement." Ex. B, 22.

39. The Complaint does not include any allegations of injury, including consequential 'bodily injury", arising out of any the offenses enumerated in the Policy's definition of "personal and advertising injury".

40. Accordingly, the allegations of the Complaint fail to satisfy the requirements of the Insuring Agreement of Coverage B of the Policy and, therefore, Coverage B of Policy ESB-HS-GL-0000670-03 does not afford coverage to United for the claims asserted against it in the Underlying Action.

WHEREFORE, HSIC seeks a judgment that it owes no duty under Coverage B of the Policy to defend or indemnify United in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

## PRAYER FOR RELIEF

Plaintiff Houston Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants United Service Companies Holdings, LLC, and Rickey A. Macintyre, declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Defendant United Service Companies Holdings, LLC for the claims asserted against it in the Complaint filed in the Underlying Action;

c. Houston Specialty Insurance Company does not owe a duty under the Policy to defend or reimburse defense costs incurred by Defendant United Service Companies Holdings, LLC in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

d. Houston Specialty Insurance Company does not owe a duty under the Policy to indemnify Defendant United Service Companies Holdings, LLC in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

e. Houston Specialty Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Dated: April 7, 2026

Respectfully Submitted,

By: */s/ James J. Hickey*
James J. Hickey, Atty. No. 6198334
James.Hickey@kennedyslaw.com
Samson Polovina, Atty. No. 6342626
Samson.Polovina@kennedyslaw.com
KENNEDYS CMK
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Phone: (312) 800-5029
Fax: (312) 207-2110
*Attorneys for Houston Specialty Insurance Company*